UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES R. PERKINS                              CIVIL ACTION
AND SAMMIE JO PERKINS

VERSUS                                          NO. 16-214-BAJ-RLB

C.R. ENGLAND, INC, et al.

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE**

Before the Court is Plaintiffs' renewed Motion for Leave to File First Supplemental and Amending Complaint (R. Doc. 12).

The Court recently denied Plaintiffs' previous Motion for Leave to Amend (R. Doc. 10), without prejudice to re-file, as Plaintiffs failed to properly allege the citizenship of newly-added Defendants, Ace American Insurance Company and Troy R. Dake. (R. Doc. 11).  In its Order, the Court advised Plaintiffs that an individual is a citizen of the state in which he or she is domiciled, while a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. (R. Doc. 11 at 2).

The proposed amended Complaint (R. Doc. 12-1 at 2) attached to Plaintiffs' renewed Motion adequately alleges that Defendant Troy R. Dake is domiciled in, and therefore a citizen of, Wisconsin.  However, Plaintiffs have again failed to adequately allege the citizenship of corporate Defendant, Ace American Insurance Company. (R. Doc. 12-1 at 2).  In their most recent attempt to amend, Plaintiffs allege that Ace American is "a citizen of and domiciled in Philadelphia, Pennsylvania doing business in the State of Louisiana . . . ." (R. Doc. 12-1 at 2).

A corporation's citizenship is determined by both its state of incorporation and the state in which it has its principal place of business.  Plaintiffs' allegations that Ace American is a "domiciled in Philadelphia, Pennsylvania" and conducting business in Louisiana do not make clear Ace American's state of incorporation or the state in which it keeps its principal place of business.

As such, **IT IS ORDERED** that Plaintiffs' renewed Motion for Leave (R. Doc. 12) is **DENIED without prejudice** to re-file the Motion and proposed amendment to properly allege the **citizenship** of **Ace American Insurance Company** by affirmatively stating Ace American's (1) state of incorporation and (2) state where it keeps its principal place of business.  Any **renewed** Motion for Leave must be **filed** by Plaintiffs within **7 days** of this Order.

Additionally, Plaintiffs' proposed amended Complaint does not procedurally comply with the Federal Rules of Civil Procedure or this Court's Administrative Procedures for issuing summonses.

Rule 4(b) of the Federal Rules of Civil Procedure advises plaintiffs filing a complaint to "present a summons to the clerk for signature and seal."[1]  Rule I(B)(5) of this Court's Administrative Procedures further instructs attorneys to "electronically prepare the standard Summons for a civil proceeding and electronically file it as an attachment to the electronically filed Complaint."[2]

Here, Plaintiffs' Motion for Leave does not include an "electronically prepare[d] [] standard Summons" filed as an attachment to the proposed amended Complaint.  Instead,

---

[1] Rule 4(b) goes on to explain: "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

[2] The Court's Administrative Procedures can be found on its website: http://www.lamd.uscourts.gov/sites/default/files/pdf/Administrative%20Procedures.pdf.

Plaintiffs' proposed amended Complaint includes a "request" that "citation be issued and delivered to [Plaintiffs' attorney] for service of process upon" Ace American Insurance Company and Troy R. Dake. (R. Doc. 12-1 at 2). Plaintiffs' "request" is procedurally deficient, as Plaintiffs are responsible for preparing and presenting summonses to the Clerk, who must then "sign, seal, and issue it to [Plaintiffs] for service on the [newly-added Defendants]. Fed. R. Civ. P. 4(b).

As such, any renewed Motion for Leave should include a copy of an electronically prepared "standard Summons" for each newly-added Defendant, as attachments to the proposed amended Complaint.

Signed in Baton Rouge, Louisiana, on July 13, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**